**LIGHTING, INC.,** Plaintiff

v.

**ATLANTIC RESIDEX CORPORATION,** Defendant

Civil No. 76-270

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 30, 1977

NORTON S. LEVINE, ESQ. (LEVINE & CONSOLVO), St. Thomas, V.I., *for plaintiff*

JAMES DOWE, ESQ. (PALLME, ANDUZE, MITCHELL & DOWE), St. Thomas, V.I., *for defendant*

HODGE, *Judge*

### MEMORANDUM AND ORDER

In this action for debt, defendant, Atlantic Residex Corporation, has filed two motions to date. The first seeks leave to file responses out of time to a Request for Admissions by plaintiff, Lighting, Inc., and the second seeks an extension of time within which to answer Interrogatories propounded by plaintiff.

The Request for Admissions and the Interrogatories were both served on defendant on December 15, 1976. Defendant filed its first motion and response on February 24, 1977, and its second motion on March 10, 1977. While plaintiff has filed objections to defendant's first motion, no objections to defendant's second motion have been filed by plaintiff, nor has plaintiff filed any motion to compel answers to its interrogatories.

### I

Rule 36(a), Fed. R. Civ. P., provides in pertinent part that when requests for admissions are served,

... the matter is admitted unless, within 30 days after service of the request, or *within such shorter or longer time as the court may allow,* the party to whom the request is directed serves upon the

party requesting the admission a written answer or objection addressed to the matter ... (emphasis added).

Unquestionably, the 30-day limit under the rule has expired; thus, the question before the Court regarding this first motion is whether a longer time to respond to the requested Admissions should be allowed under the circumstances.

Paragraph five of plaintiff's Request for Admissions states:

That the attached accounting marked Exhibit I, is a correct statement of the amount owed by Atlantic Residex Corporation to Lighting, Inc.

In his affidavit in support of his motion to file responses out of time, counsel for defendant alleges that Exhibit I was not attached to the Request for Admissions at the time he was served, and that the admission sought in this request constituted the principal issue of the case. In addition, defendant further contends that the time between the service of the Request for Admissions and the filing of his motion was spent in settlement negotiations with a former partner in the firm of plaintiff's counsel, and that it was agreed that no motions to compel discovery would be filed by either party as a result of the time spent in such negotiations. None of these two crucial allegations has been contradicted by plaintiff.

In the present procedural posture of the case, the parties are still within the discovery phase, and defendant has not failed or refused to answer, but has moved for permission to file his responses out of time, with the responses attached, for the aforesaid reasons. In this stage of the proceedings, and under the circumstances enumerated, which the Court finds to be compelling, to deny defendant's motion would result in manifest injustice. Moosman v. Blitz, 358 F.2d 686 (2d Cir. 1966). Although it is now settled that a request for admission of a principal issue is

not objectionable, this Court is convinced that where the facts with regard to which admission is sought constitute the principal issue of the case, no automatic admission should be attributed to the party failing to answer. Rather, the Court should consider all the circumstances surrounding the failure to answer, and where, as here, there is no lack of good faith and no prejudice to the opposing party, the Court should refuse to treat the late responses as admissions. Thus, the purpose of the rule would be frustrated by automatically applying the time sanctions of Rule 36 and ignoring the judicial discretionary role which is authorized by the rule. French v. United States, 416 F.2d 1149 (9th Cir. 1969); Pickens v. Equitable Life Assur. Soc., 413 F.2d 1390 (5th Cir. 1969); Moosman v. Blitz, supra; Countee v. United States, 112 F.2d 447 (7th Cir. 1940). Indeed, the rule provides for withdrawal of an admission by motion, under certain circumstances, even after the admission has actually been made. Rule 36(b) Fed. R. Civ. P.

■ In this case, the Court has considered all the circumstances surrounding defendant's motion to file his responses out of time and concludes that the granting of the motion would not prejudice the plaintiff in any way and would, at the same time, prevent manifest injustice to the defendant.

## II

Rule 33(a), Fed. R. Civ. P., as adopted in this court states, inter alia, that:

The party upon whom the interrogatories have been served shall serve a copy of the answer, and objections if any, within 30 days after the service of the interrogatories, except that defendant may serve answers or objections within 45 days after service of the summons and complaint upon defendant . . .

However, the rule further provides that:

. . . the Court may allow a shorter or longer time . . .

■ The defendant's motion for extension of time to answer Plaintiff's first set of Interrogatories contained two reasons for the request. Plaintiff has submitted no opposition nor shown any reason why the motion should not be granted. Since the Court finds that the reasons submitted by defendant are justifiable, defendant's motion to extend the time to answer interrogatories to April 8, 1977, in accordance with Rule 33, will be granted.

WHEREFORE, the premises considered, and the Court being duly satisfied therein, it is hereby, this 30th day of March, 1977,

ORDERED that Defendant's motion for leave to file its responses to plaintiff's Request for Admissions out of time be, and hereby is GRANTED, and it is,

FURTHER ORDERED that defendant's motion to extend the time to answer Interrogatories to April 8, 1977, be, and hereby is GRANTED.