**MABLE DALE INGVOLDSTAD, Plaintiff**

**v.**

**ESTATE OF WARREN H. YOUNG, RUTH H. YOUNG, JAMES ISHERWOOD, SARAH ISHERWOOD, PHILLIP C. CLARK, MEREDITH P. CLARK, and THE PENTHENY, LTD., a corporation, Defendants**

Civil No. 80/262

District Court of the Virgin Islands

Div. of St. Croix

June 22, 1982

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for plaintiff*

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for defendants Clark, Isherwood and The Pentheny, Ltd.*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendants Ruth H. Young and Estate of Warren H. Young*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion amplifies the oral findings made in this matter on June 1, 1982. The matter came on regularly on that date for jury selection, by Order of Court dated January 13, 1982. On April 30, 1982, the Court heard oral argument on a motion by the defendants to dismiss the complaint, and a motion by the plaintiff for permission to file an amended complaint.

The Court at that time denied the motion to dismiss and granted the motion to file an amended complaint, with the understanding that the filing of the amended complaint would not delay the trial of the action. At that time, the Court also stressed that because the allegations concerned matters dating back more than twenty years, there would not be any continuances granted. Further, it was pointed out at that time that counsel for the plaintiff, who indicated that he was associated with out-of-territory counsel, would be expected to go forward if his co-counsel was not available.

Counsel for all parties requested the Court to expedite its opinion on the applicable statute of limitation, so that it would be in their

hands well before the trial date. The Court, to accommodate counsel in this regard, did in fact expedite the opinion and order, and it was filed on May 13, 1982.

It should be noted that from the inception of the case until approximately two weeks before the trial date, the plaintiff did not engage in any discovery of any kind. In the last two weeks of May, however, plaintiff filed a motion for a continuance and various production requests. The production requests involved many, many documents which the defendants assembled, and offered for viewing. Plaintiff's counsel did not appear to review them. Plaintiff also scheduled certain depositions of individual defendants, who appeared for such depositions, only to discover that plaintiff had cancelled them. This was the status of the case on June 1, 1982.

On June 1, 1982, the date fixed for jury selection and designation of a trial date, local counsel for the plaintiff appeared at calendar call, together with counsel for the defendants. The first order of business was the motion of plaintiff's counsel to admit Michael Remy, Esq., pro hac vice. This was held in abeyance when it was discovered that Mr. Remy was not present, a requirement by this Court for administration of the oath in person.

Next, plaintiff's counsel pressed the motion for a continuance. The Court heard oral argument on such motion and then placed on record the denial of the motion which counsel for plaintiff had been orally informed would be the Court's ruling, upon his inquiry several days earlier.

Plaintiff's counsel then moved to withdraw as counsel, which would have left the plaintiff unrepresented in the action. This was denied, with leave to refile the motion at a later date.

Counsel for plaintiff then informed the Court that he had no authority to proceed with selection of the jury, in that he had been instructed not to select a jury in the event the motion for a continuance was denied. Upon questioning by the Court, plaintiff's counsel indicated that these instructions were received from his out-of-territory co-counsel, Mr. Remy, and the daughter of the plaintiff, who held her mother's power of attorney in these matters. Plaintiff's counsel stated that these were his instructions notwithstanding that an order had been entered on January 13, 1982, fixing June 1, 1982, as the trial date.

It was then apparent that the plaintiff was not present in St. Croix for trial, nor were her witnesses, and that, in fact, the plaintiff refused to proceed to trial. Various reasons were cited for this refusal to proceed, several of which were based on a claim of inconvenience

to the plaintiff and her witnesses (all related to her) and another on a claim of economic hardship (despite the fact that she derives revenue every month from her landholdings on three separate properties in downtown Christiansted, St. Croix).

Defendants then moved to dismiss the amended complaint with prejudice, by reason of the refusal of the plaintiff to proceed. The Court made oral findings on the record, and then granted ten days to file a claim for indemnification by way of an award for attorneys fees and costs. Both counsel representing various defendants filed such an affidavit, over opposition from plaintiff's counsel.

■ The Court recognizes that a dismissal with prejudice is a harsh result, and that a final decision on the merits of a case is usually more desirable. The result in this matter, however, may in reality be no more disappointing to the plaintiff than if the matter had in fact gone forward. Plaintiff's counsel recognized as much at oral argument, when he conceded that the second and possibly the third count, of the amended complaint would have been subjected to dismissal in any event, because of the expiration of the applicable statute of limitations. The events complained of took place approximately eighteen years before the case was filed in 1980. The statute of limitations was fixed by the Court at two years on each count. The pleadings in the amended complaint appeared to indicate that the plaintiff had knowledge of the cause of action in the early to mid-1970s.

■ But it is the appalling refusal of the plaintiff and her California counsel to pay the slightest heed to the orders of this Court that form the basis for this dismissal with prejudice. Plaintiff undertook no discovery until two weeks before the trial, despite having been placed on notice for nearly five months of the date fixed for trial. Plaintiff ignored the January 13, 1982, order that she appear with her witnesses on June 1, 1982, ready to proceed to trial. And finally, in the face of the Court's order, plaintiff, and her California counsel, instructed local Virgin Islands counsel to proceed no further. The excuses given for her unwillingness to go to trial are not valid. The statement that discovery was incomplete is particularly specious in view of the fact that the defendants complied with plaintiff's voluminous production demand in short order, and produced the defendants for depositions as noticed, only to have no one appear on behalf of the plaintiff to view the documents or take the depositions. It is as if plaintiff and her California counsel decided that they alone would determine when this case would go to trial, and that this Court's own order would not alter that self-determination.

## I. ATTORNEYS FEES

The attorney for Sara Isherwood, Phillip C. Clark, Meredith P. Clark and The Pentheny, Ltd., sought attorneys fees of $5,771.25, representing 76.95 hours at his hourly charge of $75.00.

In reviewing the affidavit, the Court considers the time spent in researching the issues of standing, the statute of limitations, and the survival of actions, together with the preparation of the motion to dismiss the complaint, as appropriate and necessary in view of the nature of this case. Accordingly, 24.0 and the 36.6 hours for such effort will be approved. Further, it was necessary for defense counsel to prepare for trial, since it had been made clear as early as January 1982, that the June 1, 1982, date would not be continued. Therefore, 15.0 of the 20.9 hours spent in preparation for trial will be allowed. And, finally, .5 hours will be allowed for attendance at jury selection. Thus, to this defense counsel a total of 39.5 hours at $75.00 will be allowed, or a total of $2,962.50.

Counsel for the Estate of Warren H. Young, and Ruth H. Young, filed an affidavit claiming 119.25 hours at his hourly rate of $100.00 per hour, or $11,925.00. It is clear from a comparison of the affidavits of both defense counsel that there was a division of effort between them, and very little duplication.

From that affidavit, the time spent in research and the response to the complaint, as well as various court hearings, preparation of discovery response, and preparation for trial, a total of 44 hours, was expended, together with .5 hours for attendance at jury selection, or a total of 44.5 hours. The Court will allow 32 hours at $100.00 per hour, being $3,200.00.

■ No award will be made for time spent litigating the issue of the posting of security for costs, or conference time among counsel or clients. Judgment will be entered accordingly.

## JUDGMENT DISMISSING COMPLAINT

THIS MATTER came on for jury selection and fixing of a trial date on June 1, 1982. All parties were represented by counsel, and defendants, by counsel, announced themselves ready. Plaintiff did not appear personally, but, by counsel, moved to admit Michael Remy, Esq., pro hac vice, to continue the case, and, ultimately, plaintiff's counsel moved for permission to withdraw from the case. The Court held the motion to admit Mr. Remy in abeyance because he was not present to take the attorney's oath. It denied the motion for a continuance, and it denied the motion of plaintiff's counsel to

withdraw, with leave to file the motion again at a later time. Plaintiff's counsel then stated that he was not authorized to proceed to jury selection, and had, in fact, been specifically instructed by Mr. Remy and his client's daughter, who holds a power of attorney from her mother, not to participate in jury selection. Defendants, by their counsel, moved to dismiss the action with prejudice, by reason of the refusal of plaintiff or her counsel to go forward. The Court orally stated its findings, and granted the motion. Affidavits for attorney's fees were filed by defendants' counsel, and opposed by plaintiff's counsel. The Court having made oral findings, supplemented by its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

1. THAT, the amended complaint of the plaintiff be and the same is hereby DISMISSED, with prejudice.

2. THAT defendants Isherwood, Clark and The Pentheny, Ltd., be and the same are hereby awarded *$2,962.50* jointly and severally in their favor and against the plaintiff, as indemnification for attorney's fees.

3. THAT defendants Estate of Young, and Ruth H. Young, be and the same are hereby awarded *$3,200.00* jointly and severally in their favor and against the plaintiff, as indemnification for attorney's fees.