**Rhuner ROMNEY, Plaintiff,**

v.

**NATIVE SON, INC., Defendant.**

**No. CIV.1992–239.**

District Court, Virgin Islands,
Appellate Division.
D. St. Thomas and St. John.

March 8, 1994.

---

## ORDER

MOORE, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment in this maritime action for negligence stemming from a fall on December 22, 1990 as plaintiff was attempting to board the "M/V Native Son", a vessel owned by defendant, Native Son, Inc. ("Native Son"). Rainwater had accumulated on the gangway and deck of the vessel. Plaintiff claims that the defendant was negligent in failing to (1) wipe the spill; (2) put skid proof material on the gangway and deck; (3) otherwise take reasonable care to protect its passengers; and, (4) adequately train its crew to assist the passengers. Since defendant's motion for summary judgment is based on plaintiff's failure to timely respond to defendant's request for admissions, the Court must first determine whether the admissions, if valid, address all the material issues of fact. Defendant filed a Request for Admissions[1] on March 11, 1993 and it was not until June 10, 1993 that plaintiff responded, admitting No. 1, denying Nos. 2,3 and 4 and ignoring No. 5.[2] Plaintiff has admitted that he is not claiming any other wrongful acts or omission by the defendant other than those acts or omissions alleged in the complaint. Thus, the only issue here is whether plaintiff will be allowed to deny the admissions requested in Nos. 2,3 and 4. Pursuant to Fed.R.Civ.P. 36(a)[3] the plaintiff had 30 days in which to respond. If a response were not filed timely Fed R. Civ. P. 36(b)

---

1. The request for admissions were as follows:

   1. Plaintiff claims no other wrongful acts or omissions by the defendant other than those acts or omissions alleged in the complaint. If plaintiff refuses to admit, state the facts which support the denial.

   2. Plaintiff was aware that the gangway referred to in the complaint was wet prior to boarding the vessel. If plaintiff refuses to admit, state the facts which support the denial.

   3. Plaintiff was aware that the gangway was slippery prior to boarding the vessel. If plaintiff refuses to admit, state the facts which support the denial.

   4. Defendant at all times relevant to this action had no intent to cause harm to plaintiff. If plaintiff refuses to admit, state the facts which support the denial.

   5. Plaintiff suffers no current or permanent physical disability as a result of the injuries alleged in the complaint. If plaintiff refuses to admit, state the facts which support the denial.

2. Plaintiff has yet to admit or explicitly deny the fifth request for admission dealing with whether plaintiff suffers current or permanent physical disability as a result of the injuries alleged in the complaint. Therefore, Admission No. 5 is hereby deemed admitted since it was never explicitly denied. The Court notes that the complaint does not allege any current or permanent physical disability and therefore concludes that plaintiff never intended to assert a claim of either.

3. All references to the Federal Rules of Civil Procedure are to the version in effect before December 1, 1993.

provides that the items contained in the admissions would be conclusively established, unless the Court on motion permits withdrawal of or amendment to the admission.[4]

The plaintiff, on September 8, 1993, moved for relief from the effect of his failure to respond to the request for admissions, asserting that allowing the late responses would prevent manifest injustice, would not prejudice the defendant, and would promote the resolution of the case on the merits. The Court is unable to find that the defendant will be prejudiced by accepting plaintiff's late responses. *See, e.g., Lighting, Inc., v. Atlantic Residex Corp.*, 13 V.I. 266 (Terr.Ct.1977). Moreover, there is a preference for deciding cases on the merits, which would be precluded in part, if not in full, by accepting these admissions. *Cf. Ingvoldstad v. Estate of Young*, 19 V.I. 171, 174 (D.V.I. 1982).

This is not to say that the Court is countenancing plaintiff's dilatory and inexcusable behavior. Much time and effort was wasted due to plaintiff's inaction, and accordingly, the Court will grant defendant's motion for sanctions. Pursuant to Fed.R.Civ.P. 37(c) and (a)(4), the Court will award reasonable fees and costs to the defendant, upon adequate proof thereof, for the motion for summary judgment and all subsequent motions to date related to the request for admissions.

Without these admissions by plaintiff, defendant's motion for summary judgment must fail. Viewing all reasonable inferences in the light most favorable to the non-moving party, the issue of the role played by the defendant, and whether plaintiff knew or should have known of the condition of the gangway and deck of the M/V Native Son, are for the trier of fact to decide, in this case, the Court. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985), *cert denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). Summary judgment will not be granted since genuine issues exists as to material facts, and therefore the moving party is not entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is DENIED; and it is further

ORDERED that within 20 days defendant shall submit its motion, together with supporting affidavit(s), for attorney's fees and costs incurred as a result of plaintiff's failure to comply with the rules regarding requests for admissions; and it is further

ORDERED that this case shall be set for a scheduling conference with the Magistrate Judge forthwith.

---

**4.** According to the parties, a case management conference was held by the Magistrate Judge and certain deadlines for discovery were set. There is no order in the file memorializing this conference. It is incumbent on counsel to insure that such rulings of the Magistrate Judge are reduced to a written order. In the absence of an order granting an extension of time to respond to the request for admissions, the Court concludes none was granted.